SCHOLZ HOMES, INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

(No. 70-159—Decided February 10, 1971.)

68

*Messrs. Shumaker, Loop & Kendrick* and *Mr. John C. Straub,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. George M. Hausworth* and *Mr. Ralph Amiet,* for appellee.

STERN, J. The issue raised is whether the Board of Tax Appeals' decision was unreasonable or unlawful in determining that the purchase, rental and repairs to the fork-lift trucks here involved, did not fall within the exceptions of R. C. 5739.01(E) (2) and 5739.02(B) (18).

R. C. 5739.01(E) (2), defines "retail sale" and "sales at retail" as follows:

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

" * * *

"(2) To incorporate the thing transferred as a material or a part, into tangible personal property to be pro-

duced for sale by manufacturing, assembling, processing, or refining, or to use or consume the thing transferred directly in the production of tangible personal property for sale by manufacturing, processing, refining, or mining * * * ''

R. C. 5739.02(B) (132 Ohio Laws 1985, 1989) stated: ''(B) The tax does not apply to the following:

'' * * *

''(18) Sales to persons engaged in manufacturing, processing, assembling, or refining, of protective shipping materials, or handling and transportation equipment, except motor vehicles licensed to operate on the public highways, used in intra or inter plant transfers or shipments of tangible personal property in the process of production for sale by manufacturing, processing, assembling, or refining, where the plant or plants within or between which such transfers or shipments occur are operated by the same person:

'' * * *

''The exemptions in division (B) (16), (17), (18), (19), (20), and (21) of this section shall not be construed to limit the exceptions contained in division (E) (2) of Section 5739.01 of the Revised Code.''

There are certain fundamental guidelines which we must follow in resolving this issue. Pursuant to statute and in the interest of finality, where a decision of the Board of Tax Appeals is appealed to this court, our sole function is to determimne whether the board's decision is unreasonable or unlawful. *Hercules Galion Products* v. *Bowers* (1960), 171 Ohio St. 176; R. C. 5717.04. Each sale is presumed to be taxable unless an exception is established by the taxpayer. R. C. 5739.02(B). The primary use of an item determines whether it is to be taxed or excepted. Paragraph two of the syllabus of *Mead Corp.* v. *Glander* (1950), 153 Ohio St. 539. Furthermore, when the Board of Tax Appeals considers a case such as this, it is not compelled to accept the testimony of the sole witness, but instead it is free to weigh and to accept or reject such testi-

mony. *Ace Steel Baling* v. *Porterfield* (1969), 19 Ohio St. 2d 137, 138.

The appellant contends that the board's decision is unlawful because the fork-lift trucks, which it employs in moving materials from the fabricating area to the expediting area and in gathering the materials together in the expediting area into the "package" ordered by its customers, were being used "directly in the production of tangible personal property for sale by manufacturing, processing."

"The terms, 'manufacturing' and 'processing' * * * imply essentially a transformation or conversion of materials or things into a different state or form from that in which they originally existed—*the actual operation incident to changing them into marketable products."* *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407, paragraph four of the syllabus. (Emphasis added.)

"In determining whether tangible personal property is used or consumed directly in the production of tangible personal property for sale by manufacture or processing, and, therefore, whether its sale or use is excepted from taxation under the provision of subdivision (E)(2) of Section 5739.01, or subdivision (C)(2) of Section 5741.-01, Revised Code, the test is not whether such property is essential to the operation of an 'integrated plant,' the test to be applied being, *when* does the actual manufacturing or processing activity begin and end, and is the property used or consumed *during and in the manufacturing or processing period."* *Youngstown Building Material & Fuel Co.* v. *Bowers* (1958), 167 Ohio St. 363.

Holzman's testimony clearly established that the operation in the expediting area consisted solely of gathering materials together for shipment. He testified that no materials were nailed, sawed, or put together in the expediting area. Therefore, there was no "transformation or conversion of materials or things into a different state or form from that in which they originally existed" in the expediting area. Whatever manufacturing or processing

that was done to those materials was performed before they reached the expediting area.

*France Co.* v. *Evatt* (1944), 143 Ohio St. 455, and *Northwestern Ohio Poultry Assn.* v *Schneider* (1965), 2 Ohio St. 2d 34, cited by the appellant, do not support the conclusion which the appellant has drawn. Those cases do not stand for the proposition that gathering together fabricated materials constitutes processing, notwithstanding such materials will later become component parts of a "package." We hold that such an activity is neither manufacturing nor processing within the meaning of sales tax statutes. Furthermore, the fabricating process having been completed before these materials were moved to the expediting area, appellant's use of fork-lift trucks in transporting the fabricated materials to the expediting area was not an activity which excepted them from the tax. *Powhatan Mining Co.* v. *Peck* (1953), 160 Ohio St. 389.

The appellant contends further that the activity within the expediting area, as well as the movement of materials to that area, should be regarded as "in the process of production for sale by * * * assembling" under R. C. 5739.02(B) (18).

In view of the context in which the term "assembling" is used in that section, as well as the presumption in Section 5739.02(B) "that all sales made in this state are subject to the tax until the contrary is established," this court holds that the word "assembling," as used in R. C. 5739.02(B) (18), means more than the mere gathering together of fabricated materials. It means "to fit together various parts * * * so as to make into an operative whole." *Webster's Third New International Dictionary.* As there was no evidence before the Board of Tax Appeals to indicate that there was anything more than a gathering together of materials to make up the customer's "package" in the expediting area, appellant's contention is without merit.

The Board of Tax Appeals based its decision to af-

firm the Tax Commissioner's assessment on R. C. 5739.01 (E) (2) and 5739.02(B) (18).* We affirm that decision.

*Decision affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN and LEACH, JJ., concur.

---

*In the latter part of 1967, which was within the audit period here involved, subdivision (S), defining the terms "manufacturing" and "processing" and referring to subdivision (E)(2), was added to R. C. 5739.01. (Am. Sub. S. B. 350, 132 Ohio Laws 1981, 2308, and Am. Sub. H. B. 919, 132 Ohio Laws 1985, 2787.) There is no indication that either counsel or the board considered the effect of this definition upon the tax assessment.